Us versus Verano. I raised my hand. Alright, thank you all. Mr. Mills. May it please the court, Zachary Mills for the Commonwealth of Pennsylvania. I would like to reserve three minutes for rebuttal. Yes, sir, that's granted. Go ahead. As a preliminary matter, I'd like to address the standard of review that this court should adopt when reviewing a district court's finding of due diligence for equitable tolling of a habeas corpus claim. So you've obviously taken a look at Machinsky, and is that dispositive on this issue? Your Honor, I would say that it's not. The Machinsky court does not decide what standard of review to adopt because in part, in large part, it wasn't necessary or dispositive to the outcome of that case. They ducked the issue in effect, did they? Yes, Your Honor. Why should we duck it too? I agree, Your Honor. I don't believe that the standard of review would be dispositive to the outcome of this case. Even if this court adopts a clear error standard, the district court should be reversed under that standard or under de novo review. Well, that's interesting. Why do you say even under a plenary standard that the district court should be reversing? That's easy to say, but what facts do you have that as a matter of law, his conduct was not sufficient to show diligence? Your Honor, it's not so much the facts that we have as the facts that the appellee doesn't have. It was his burden to show due diligence, and for the period of time it issued, the facts are lacking. This guy, he was, you know, it's easy for us sitting here to, you know, to say, well, you should do this and that. He was isolated. He was in prison. He's a person of low order, apparently low mental capacity, and he got a jerking around the likes of which I've been an attorney since August of 1958. It was almost unique in my experience. I had, I've been waiting to ask this question. Were there disciplinary proceedings filed against attorneys out of what has happened here? Your Honor. I mean, in New Jersey, they would, they'd lift your ticket. Your Honor, I'm not sure how directly I can answer that question because of the secretive nature of the proceedings of the disciplinary board. What I can say is the magistrate judge made a recommendation in a footnote as to what should happen with that attorney, and the Commonwealth has followed through with that recommendation. To your knowledge, did anyone turn over the attorney's conduct to the Pennsylvania Disciplinary Board? To answer that question directly, Your Honor, yes, the Commonwealth did. Oh, it has been turned over. The other question I had, I had another question here. The magistrate judge, well, ultimately, of course, the order we look at, ultimately, we're reviewing is what a district judge does when they'll be adopting a magistrate judge's report. But the second order of the district court said, okay, I'm ordering you to allow him to appeal the underlying conviction going way back, in effect, to the beginning. Is that correct? I believe so, Your Honor. Now, in fact, that did happen, didn't it? There was an appeal filed. Yes, Your Honor. And it's been stayed? Yes, Your Honor. The Superior Court, upon the Commonwealth's motion, stayed that in the interest of judicial economy pending the outcome. I wondered when I read that whether the district court could actually order the Commonwealth to allow him to appeal. The reason I say it is this. In a traditional habeas corpus case, if the petitioner convinces the magistrate judge with a reference and then the district judge or the district judge directly that there's been a constitutional violation so that the conviction was unconstitutional and that that person ought not to be in prison by reason of the conviction, the magistrate, the district judge, does not order a new trial. What the district judge orders is that the defendant be given a new trial, that the defendant be released unless he's given a new trial, usually within some period they set, maybe 180 days, whatever it may be. And sometimes then that gets stayed if there's an appeal. I understand that. But in other words, the court never orders a new trial, does it? It doesn't order the release of the defendant. And if that's true, shouldn't the court have ordered his release on a theory that since he was unconstitutionally being held that, and he had a, I know there are cases that say you don't have a constitutional right to appeal, but then there are cases that also say that if appeals are allowed, then you would have that right. But shouldn't the judge have said, look, you have to release him unless you allow him to appeal. And they might not, they might say, okay, we'll release him. That does happen, by the way, in a new trial situation, you know, practically the whole thing and they just drop it. But isn't the order wrong then? I'm not opposing the order on this ground. Or does it matter? Because in fact, he was, he did appeal. Yes, Your Honor, he did appeal the Commonwealth, the order of the district judge and the relief granted was complied with. But in this case, nothing, no allegations of error have federally gone to the underlying conviction. Maybe I'm just being too lenient. The salient question is whether there was diligence here. Let me ask you, the magistrate judge in the district court credited the petitioner with no diligence. Even under a plenary standard review, why should we, I mean, why should we think differently that he exercised, is he, he testified he made all these efforts. Some people would believe him and some wouldn't. The district judge believed him. Why shouldn't we believe him that he made these efforts? Your Honor, the credibility of the appellee's testimony is not in dispute. The Commonwealth is not disputing the efforts that he testified to. However, the exact issue is between February 2004 and April 2008, between the two letters that the appellee wrote to the clerk of court's office asking about his case. Yeah, but the petitioner says that although in between 2004 and 2008, although he didn't write any letters, there's nothing physical, he stated he made these efforts. He testified that between those two dates, he tried to get his dad involved. The district court credited that testimony. What do you have, if this is a plenary standard review, I'm not sure it's plenary or clear book record, but take it in a light most favorable to your position, even on a plenary standard review. What do you have to gainsay the truth of what the petitioner testified to? We aren't trying to oppose what the petitioner testified to. So you acknowledge what he says is true? Yes. If what he says is true, then hasn't he proven due diligence? I would argue no. Due diligence is defined as reasonable diligence. And reasonable diligence in this case, for that four-year period, should be defined by what the petitioner was doing in his case before that period of time and after that period of time. What case, just because he had physical evidence preceding that period of time, doesn't mean he has to have the same evidence subsequent to that period of time, as long as he was making due diligence. And we have to take into consideration that he didn't have 180 IQ, and he was not exactly sophisticated or well-educated. I agree, Your Honor. And that was his status throughout the course of these proceedings. But in 2008, he managed to file a pro se PCRA. And the question is why that didn't occur four years earlier in 2004, why four years elapsed? Well, that's not the question. The question isn't why did it take him until 2008. The question is, is there evidence of reasonable diligence between 2004 and 2008? And if you look at the record, it seems to me, number one, if you look at the lawyer's testimony, the lawyer admits that he failed to keep records between 2004 and 2008, but he says he recalls that he called into 2005. The petitioner says he called throughout the period of time. He says that he was inhibited because he had moved three times to three different facilities during that 2004-2008 period of time. He says that it was difficult to get a lawyer, so he's trying to get jailhouse lawyers during that time. He says he tried to get his father to visit the lawyer. So the lawyer is testifying that during that period of time, the petitioner has been in contact with him, doesn't have records, but that's consistent with the 2000-2004 period of time. The petitioner has mentioned myriad things that he's engaged in. I hesitate to say, but, you know, given his intelligence that's been alluded to and his other difficulties in moving around to different facilities, what more would we have wanted? Your Honor, my position basically is the actions of the appellee during that period of time are not reasonable diligence because reasonable diligence should be viewed by what he was doing before. Well, remember, shouldn't we take into account that he's been lied to by his attorney and his attorney's lies in the period of time from 2000 to 2004 inform his actions between 2004 and 2008? And what I mean specifically is if he's been told that everything is copacetic, well, I probably didn't use copacetic, but everything is good, so to speak, with your appeal, I filed it and so forth, and he's been given other what we now know to be false assurances, doesn't that speak to how often he'd be in touch with him and the kind of diligence that in other circumstances might seem wanting but in this circumstance would not? Your Honor, in the letters from 2003, there is displayed an increasing suspicion of his attorney's assurances. And then in 2004, the appellee writes a letter to the clerk's office requesting a docket in order to see if his lawyer has, in fact, done what he has been promising. There's a note on that file saying that the docket was mailed, and it was appellee's testimony that he did, in fact, receive that docket. And that docket is part of the record, and the docket shows that after the petition was withdrawn in 2001, there had been no action in appellee's case at all. So the record shows, based on appellee's own testimony, that in 2004 it was brought to his attention that his lawyer had been lying to him. How come you're arguing to us that due diligence is missing here? When this action originally was filed in state court, DCRA, you never raised that as a defense at all. It wasn't until a superior court raised it on their own court, but you never even thought it was a defense. Your Honor, that was an oversight on the Commonwealth's part under state law. It's your main argument in front of us. How could we say it's an oversight when this is your civil argument here? And, Your Honor, if that had been brought to our attention, that jurisdictional question of whether there was due diligence, the Commonwealth should have taken the position. That's the only issue in the case as to whether or not he gets an appeal. And it's so significant at this time. How come you never even dreamt of it when it was in a PCRA mode? I can't answer that question because I wasn't involved with the case. Well, wouldn't that be indicative of the fact that you had to have some feeling that what this guy did was He was making a try for it, even though it was a very successful try, but he certainly was trying. What I can say, Your Honor, is at all points in time, the Commonwealth has felt that the actions of appellate counsel and his misrepresentations were indefensible and reprehensible and have never attempted to defend them. On this record, that's an afterthought. Your original thought was to defend it on the merits, and it was only when the Superior Court state proceedings brought it to your attention that you thought we'll adopt that idea. Is that correct? That's what it appears to be, Your Honor. You know, I wondered why you even appealed this case. If the facts were anything like you say they are in your brief, that is the facts of the offense, it looked like there was more witnesses there than there were in this room as to what happened. It was a bar full of people that saw him shoot and kill him. Is that right? Yes, Your Honor, and I believe the defendant actually testified at trial that he was the shooter. However, because of the passage of time, if there would be some defect, and I don't know of any that has been identified, but if this case were... It might be hard to try again. I understand that. But I mean, on the record, but there won't be a trial again unless he gets somewhere. I mean, none of this has anything to do with the merits of the habeas proceeding. It's only whether it should... You heard? It was only whether or not he's entitled to an appeal. I mean, this proceeding was not based as to the conviction in the slightest. I agree, Your Honor, but after the appeal is completed, his period of time for filing a state PCRA will have been reset by the non-proton appeal. Right. And then we'll end up litigating ineffectiveness of counsel claims more than 10 years after the trial. Well, I guess you're right. I can understand that. All right, thank you. It just looked like a case that you usually don't get a murder with so many witnesses. All right, thank you very much. Thank you. Mr. Ulrich, did I pronounce it correctly? Yes. I was just curious, Mr. Ulrich, what is the underlying basis for a habeas here? Have you ever... I mean, of course you're going to try to win the appeal in the state court if we affirm, I assume. Well, I wouldn't be doing that. Hopefully somebody would. Yeah. Well, I don't know if it's you, but somebody's going to try to. But, of course, you might have no federal issue at all and still want to press the appeal. It could be some state issue for all we know. In state court, that would probably be correct. We don't really know. We don't know as we sit here today what the appellant issue would be on the merits. Correct. The briefs have not been filed because of the state. That's correct. That is an interesting point. I hadn't thought of, to your question, that there might actually be a federalism issue in terms of the nature of the relief granted. But his petition for rid of habeas corpus did request the reinstatement of his right to appeal. See, this is not the kind of a case where they say, okay, we were ordered to release him or grant a new trial. He got a four-year sentence. He's done three years. Let's just drop the whole thing. He got life. And he's fairly young, isn't he? He was. He's still, by my standards, he's still pretty young. I'm very interested in the standard review since the, I don't know if I'm pronouncing it right, the Uchinski case, they kicked the can down the road. Don't tell the prior panel I said that. And why shouldn't we give it another kick? Are we confronted with the necessity to resolve that question of law? Well, based upon the appellant's challenge, I think the court is. It's our position that appellants are challenging the factual findings in footnote six of the report and recommendation. In other words, whether there was adequate documentation to support a finding of reasonable diligence. As a challenge to the adequacy of factual findings, typically the standard is clear error. I think Judge Smith's reasoning in the Munchinski case, albeit in dicta, is correct. That's typically how these issues are handled. Some circuits go the other way, so, you know. It is true that some go the other way, but it's also a little bit unclear. The Second Circuit case, the lot versus Burge, contains a fairly thoughtful analysis of this area. And they point out that the standard review may change depending upon what aspect of the decision is being challenged. Wouldn't the correct review be that a finding of pure historical fact gets a deferential review, whereas a finding of due diligence is a mixed question of law and fact, and that might get a more plenary review? In other words, if a district judge or a magistrate judge in a finding adopted by a district judge said, I find this letter was sent. He said it was. It was denied. I don't believe the denial that we would have to give that a deferential standard review. But if he said, okay, I find it was sent, and he didn't follow up when he didn't get an answer, that might be a, and he was therefore not diligent, that might be a legal question. I would agree. I think it can become more of a legal issue. If the diligence, let's say, was one letter or one phone call, and the court simply concluded as a matter of law that's sufficient or insufficient, then I think this court would be in a position of engaging in denial. Well, I was only trying to simplify the hypothetical. That's why it could be more findings. And I would agree. In this case, I would suggest that the facts are inherently bound with the legal conclusion because what we have here is not just a number of factual findings, but actually implicit in them a credibility assessment. The judge accepted Mr. Ross's testimony. And having done so, a more deferential standard ought to apply. Indeed, some of the court's cases suggest that a credibility assessment is not really subject to review. But under the point of review, we could accept the factual findings of the district court and still say the district court, accepting those factual findings, should not have found that there was sufficient effort made to appeal this case. So I don't see how we could resolve this case without resolving the standard of review, which seems to be an open question in the Third Circuit. And I would agree. Our position is the standard of review is important in the case, and Mimchinsky lays out its importance relative to resolving these kinds of issues in whatever fact paradigm happens to end up in front of the court. Our position here regarding the adequacy of the record is Mr. Ross, as the court has pointed out, has testified without contradiction from state court counsel that he continued to call his lawyer, continued to write his attorney, and indeed got his family involved to the extent that they could make contact with the lawyer. You have to acknowledge there was a paucity of efforts that he made between 2004 and 2008. And so why didn't you provide more evidence or testimony relevant to efforts that he made when it was before the magistrate judge? Well, we wouldn't agree that there was a paucity of effort. There's certainly a paucity of documentation. Why didn't we provide more testimony? Well, the documents tended to refresh everybody's recollection as to exactly what the timeline was. But between 2004 and 2008, except for what he said, and it wasn't a heck of a lot, and that's all you got. Just his testimony. That is correct. You know, I wondered when I read this case the following question. Suppose, for example, a petitioner showed that the petitioner was doing everything that a petitioner could possibly do to get his appeal heard, writing letters, making phone calls, getting a hold of relatives, doing everything in the world, and went on for three or four years, and the appeal was never prosecuted by the attorney. At that point, the petitioner did nothing. Finally got disgusted and just didn't do anything. Now, would the cause of action, if I can characterize it as that, have ripened so that it really didn't matter at that point? In other words, you wouldn't wipe out the diligence that had been shown by a lack of later diligence. You see what I mean? I do, and I would agree with that. I think that every case turns on its own particular facts. I think that's why they give the courts discretion in this area, because not everybody's the same, and certainly a guy that's being misled and lied to by his attorneys in a little bit of a different position than somebody who's just simply ignoring him. We would suggest that the district court properly balance that consideration and said, I'm looking at this case in the context of a guy with limited intellectual functioning, significant mental health issues, indeed on psychotropic medication, a fact that his lawyer not just ignored him or abandoned him, but actually misled him. On top of that, he had actually went at one point to the common police court, requested new counsel, and it was denied. You heard Mr. Mills discuss the question of disciplinary proceedings in Pennsylvania. We raised the issue. Do you have any further information on that that you can impart as to whether or not anything ever happened? Other than I believe there was a referral and there's likely some sort of investigative aspect taking place. But do you know of any consequence? I do not, Your Honor. Well, if there was a consequence, wouldn't that become a matter of public knowledge in Pennsylvania? I believe it would. Indeed, I regularly get a newsletter that has the results of those findings. You don't recall anything about this case? I do not. I think I probably would have noticed that. Let me ask you this question. Your adversary brought up one point that I'd like to hear your response to. He mentioned that it's improper to draw any inferences from the fact that Mr. Ross has been lied to between 2000 and 2004 because in 2004 he learned for sure that he had been lied to, so that any action or inaction that one could infer after that to be attributable to the fact that he had been lied to really isn't reasonable. Because, you know, he knows the jig is up, so to speak, in 2004 because the docket sheet's been sent to him and he realizes at that point that his lawyer, Sheffield, has lied to him because it hasn't been filed. Well, we know that the Court of Common Pleas docket sheet was sent to him. We also know that Sheffield told him, I'm going to file this appeal for you. He filed it. He didn't copy Mr. Ross on that filing, nor did he copy him on the withdrawal of that appeal, nor did he copy him on anything that was filed in the Common Pleas Court. So, yes, you got a docket sheet from the Franklin County Court of Common Pleas. I'm not sure whether Mr. Ross understood what it necessarily reflected, and maybe a different individual might have been on inquiry notice or at least constructive notice that you ought to do something more. But what more can you do? Tell him not to feel bad about that. Sometimes when I read a docket sheet, I have a little trouble understanding it, too. In any event, we believe that there was adequate record-based support for the magistrate judge's fairly detailed findings and that there isn't a cause to disturb them at this juncture. Thank you. I don't have anything else. Thank you so much. How much time did you reserve? Three minutes, I believe. Go ahead. Your Honors, the testimony as to what the efforts Mr. Ross made between 2004 and 2008 amount to basically one page of the transcript. That would be page roughly 231 of the reproduced record. But how about that point I raised? The guy was beating his head against the wall for years, getting nowhere. I mean, would the right to habeas relief sort of ripen at some point? And even if he didn't continue the diligence, what would it be eliminated or wiped out? I would argue that it doesn't ripen, Your Honor, that the requirement of due diligence is ongoing because equitable tolling, at least in this instance, is an equitable remedy. It requires that a petitioner not sleep on his rights. And from 2004 to 2008, that is what the record shows that Mr. Ross was doing. With respect to the point that was raised about the attempt to have new counsel obtained, that was made in 2001 before Mr. Sheffield even had any contact with Mr. Ross. It was a rather prescient effort to get rid of Mr. Sheffield. But in 2003, Mr. Sheffield suggested- What did you say, a prescient effort? Prescient. Oh, looking forward to it. In 2003, Mr. Sheffield wrote a letter to Mr. Ross suggesting that Sheffield withdraw and that new counsel be appointed. So that option would still have been fresh in Mr. Ross' mind. It's not that the door was closed forever or that he would have any reason to believe that the door was closed forever when his own appellate counsel was trying to talk him into getting him out of the case. I'll send you that. Meantime, year after year is ticking off. He's in jail. I once heard an appeal read in a brief by a pro se litigant. And he said, you know, to experienced judges, I think the sentence should have been two years, not two years, six months. That might not seem much to an experienced judge that will read this brief. But let me tell you, he said, when you're doing the time, the six months is a lot. You know, so let's not forget that. I mean, I'll never forget that. In fact, I put it in the opinion when he said he lost. When I put it in the opinion, it wasn't because it was six months. Mr. Bills, your adversary makes a strong argument that this reasonable diligence is inherently a factual determination and that we should then, on standard review, exercise clear error and not plenary review. What is your best argument that this is a plenary review as to the reasonable diligence, since if it's clear error, you know, the district court credited everything he said and gave efforts, maybe not as good as he should have, but given his mental state, we would pretty much have to go along, I think, with reasonable diligence. So what is your best effort, your best argument on that this is a plenary question before it's not a clear error question? Your Honor, the Muczynski case, when talking about the standard review for extraordinary circumstances, states that the review is de novo when the facts are not in dispute. And I would argue that that should carry over to the due diligence problem, when the facts of which the finding of due diligence is made are not in dispute, and they aren't in dispute here. We don't contest the testimony of Mr. Ross. We just say that it doesn't rise to the level of reasonable diligence for this four-year period. But when the facts are not in dispute, the standard review should be de novo for due diligence just as it is. That's avoiding the standard review. If the standard review is clear error, and we credit what he said, the standard review is whether there's any error in his findings, and he credited that as reasonable diligence. We can't revisit the reasonable diligence if he found it to be within those facts. In other words, we might look at the same facts and say it's not reasonable diligence. But if the standard review is a clear error, and he found on those facts reasonable diligence, even though we wouldn't have on the exact same facts, we can't reverse them unless we had the clue that no reasonable fact finder looking at those facts could say that there was diligence. So it's an avoidance of the standard review. And, Your Honor, I would say that due diligence is a mixed question of law and fact. And when the facts are in dispute. Well, that makes it plenary. Then you're saying it's a plenary standard review. But why is it? I mean, it seems to be quintessentially fact-laden as to whether someone made these efforts. Even if the facts are not in review, you know, some people would say yes, some people would say it's not a quintessential factual determination as to whether those efforts were reasonable. I would argue that it's a legal determination, Your Honor. You might be better off. It's usually very rare. You might be better off with it. Well, even under ETHA. A directional standard review than a plenary standard review in this case. The opinion might read better. Well, the same issue comes up all the time before it's in ETHA cases. And in ETHA, I think, that's for sure, yeah. Now, under ETHA, they say that it's a clear error standard review as to whether or not the statute of limitations is equitably told. So why should it be different in ETHA from here that we have in ETHA, which comes up all the time here? I'm not familiar with that class of case, Your Honor. But I would point out that in Graff v. Moore, an unpublished opinion from the circuit, the court previously said that the standard review for equitable polling. We don't consider unpublished opinions presidential. Well, I would argue the court should find that persuasive. All right, thank you so much. Thank you. Appreciate all.